Green, J.
delivered the opinion of the court.
It appears from the pleadings and proof in this cause, that the complainants sued the defendant in debt, in the circuit court of Montgomery county; and that pending said suit, the defendant was declared a bankrupt; and having obtained bis certificate of discharge in bankruptcy, he obtained leave of the court, and pleaded said certificate of disehargo, puis darrein continuance, in bar of the action. On this plea, the defendant defeated the action.
This bill is filed to obtain a decree for the same money sued for in the action at law, alleging that the certificate of discharge in bankruptcy, was obtained by a fraudulent concealment of property; wbicb fraud was not known at the time tbe suit at law was tried.
The proof shows, that the complainants opposed the discharge of the defendant, by the proceeding in bankruptcy, alleging then, as now, tbat be bad fraudulently concealed bis effects. Much of the testimony now relied *321 on to establish the fraud, was then introduced, and relied on, in the bankrupt court. That portion of the proof in this cause, which was not before the bankrupt court, is merely cumulative, and the most of it, from aught we can see, might then have been obtained.
The 4th section of the bankrupt law, declares that, “the discharge and certificate when duly granted, shall in all courts of justice, be deemed a full and complete discharge from all debts, contracts, and other engagements of such bankrupt, which are provable under this act; and shall and may be pleaded as a full and complete bar to all suits brought in any court of judicature whatever, and the same shall be conclusive evidence of itself, in favor of such bankrupt, unless the same shall be impeached for some fraud or wilful concealment of his property, or rights of property, as aforesaid, contrary to the provisions of this act.” 5 U. S. Stat. at large, 444.
It is clear, that if, under this law, the question of fraud in obtaining the discharge and certificate in bankruptcy, may be made now, in this bill, with a view to impeach the validity thereof; the same question could have been made, with like effect, in the trial at law, in opposition to the defendant’s plea. And it is the settled law of this court, that where there has been a trial at law, in which the party might have obtained full, adequate, and unembarrassed relief, and has not been prevented by accident, or fraud, or some act of the opposite party, unmixed with negligence or fault on his part, he cannot afterwards, litigate the same matter, in a court of equity.
But it is said, this case is not like the ordinary case of an application to a court of chancery for releif, *322 where there has been a trial at law; that in this case the certificate was obtained by fraud, and the defendant in pleading it, in some sort practiced a fraud upon the court of law; and that this bill is brought to set aside a judgment obtained by fraud.
We are unable to recognize this distinction. Clearly the complainants might have resisted the defendant’s plea at law, upon the same ground they attack the certificate in this bill, and they were not prevented by accident or fraud, or the act of the opposite party. They were then aware of the facts upon which they suppose the certificate impeachable, and might have proved those facts there as fully as they do here.
Dismiss the bill.